UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD H. WARREN,

              Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, MCNEIL ISLAND CORRECTION CENTER, STATE OF WASHINGTON, MCNEIL ISLAND CORRECTION CENTER HEALTH SERVICE UNIT, DR. FRANK LONGANO, LINDA BODINE, KENNETH TAYLOR, RON VAN BOENING, ELDON VAIL, ROB MCKENNA, NANCY ARMSTRONG, and JAMES ANDERSON,

              Defendants.

No. C10-5239 RBL/KLS

ORDER DENYING MOTION FOR MEDICAL EXAMINATION

Before the court is Plaintiff's motion for an order directing a medical examination at Defendants' expense for purposes of obtaining a "second opinion" of the opinions and/or prognosis of the Department of Corrections Health Services. ECF No. 41. Plaintiff asserts that good cause exists for such an examination to establish a "neutral and non-biased" opinion relating to his "liver and virus after treatment without impediment [sic] by DOC influence." *Id.*, p. 4. Plaintiff believes that this examination is necessary upon completion of treatments he is receiving for treatment of Hepatitis C because medical reports maintained by the DOC may be

ORDER - 1

untrustworthy, altered and compromised. *Id.*, p. 2.  Defendants object to the request because Plaintiff has failed to show good cause why a second exam should be ordered and failed to comport with the requirements of Fed. R. Civ. P. 35.

## DISCUSSION

Under Fed. R. Civ. P. 35, a party who moves for an order for a medical examination is required to show that the condition is in controversy, there is good cause for the exam, and must specify the date, place, time, and manner and scope of the exam.  Mr. Warren has not specified the date, time, place, and manner and scope of his proposed examination.  Nor has he established that the matter is in controversy within the meaning of Fed. R. Civ. P. 35.  The parties do not dispute that Mr. Warren has Hepatits C and that he is being treated for it.  Further, Mr. Warren has failed to demonstrate any basis for his assertions that DOC health reports may be falsified, altered or compromised or that any delay in the treatment he is now receiving rendered his treatment "less likely to prevail" and "not closing the door on recurrence and/or liver cirrohsis" is similarly unsupported.

Moreover, although a district court, pursuant to Rule 35, may, under appropriate circumstances, order a party to submit to a physical examination at the request of an opposing party, Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself."  *Smith v. Carroll*, 602 F.Supp.2d 521, 526 (D.Del.2009); *see, e.g., Baker v. Hatch*, 2010 WL 3212859 at *3 (E.D.Cal.2010) (finding no authority under Rule 35(a) to grant pro se prisoner plaintiff's request for medical examination); *Adams v. Epps*, 2008 WL 4861926 at *1 (S.D.Miss.2008) (same); *Cabrera v. Williams*, 2007 WL 2682163 at *2 (D.Neb. Sept.7, 2007) (same).

ORDER - 2

According to Mr. Warren, the evaluation is necessary to establish a "second opinion" regarding his treatment. The court interprets this request as a motion for the appointment of a medical expert witness. However, while Fed. R. Civ. P. 706(a) permits the appointment of an expert to aid the courts, it does not authorize the district court to provide a plaintiff with funds for an expert witness or to appoint such a witness on a plaintiff's behalf. *See Hannah v. United States*, 523 F.3d 597, 600 (5th Cir.2008) (affirming district court's refusal to appoint expert witness for *pro se* prisoner alleging inadequate medical care). However, "[r]easonably construed, Rule 706 does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Gamez v. Gonzalez*, 2010 WL 2228427, *1 (E.D.Cal. June 3, 2010) (internal quotations, punctuation and citations omitted). Rather, the principal purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate. As such, district courts have authority to appoint neutral expert witnesses *sua sponte*, whether or not either party agrees, and may assess the cost of the expert as the court deems appropriate. *Students of California School for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir.1984) (citing Fed. R. Evid. 706), *vacated on other grounds*, 471 U.S. 148, 105 S.Ct. 1820, 85 L.Ed.2d 114 (1985).

The *in forma pauperis* statute, 28 U.S.C. § 1915, does not alter these basic principles. The statute "does not waive payment of fees or expenses for witnesses." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir.1993). More specifically, "[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir.1995); *accord, Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir.1987), *cert. denied*, 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988) (district court has no authority under section 1915 to pay or waive expert witness fees in civil damage suits).

ORDER - 3

Here, Mr. Warren is essentially requesting the appointment of a medical expert to serve as his advocate in this action. Because there is no authority for granting this request, the motion will be denied. However, Mr. Warren is not precluded from retaining his own expert medical witness to examine him and render a medical opinion.

Accordingly, Plaintiff's motion for a medical examination at Defendants' expense (ECF No. 41) is **DENIED.** The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

DATED this   26th   day of January, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4